UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESTINY L. OWENS, et al.,<br><br>       Plaintiffs,<br><br>     v.<br><br>JOHNSON & JOHNSON COMPANY, et al.,<br><br>       Defendants. | Case No. 25-cv-11129-RFL<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 28 |

Plaintiffs Destiny, Yasmeen, and Brandon Owens, suing individually and as representatives of the estate of their mother, Stacy Owens, bring this action against Johnson & Johnson, Janssen Pharmaceuticals, Inc., and Janssen Research & Development, LLC. (Dkt. No. 1 ("Compl.").) Plaintiffs allege that Defendants failed to warn consumers of the risk of breast cancer from taking Risperdal, an antipsychotic drug that Defendants allegedly manufacture. (*Id.* ¶¶ 1–6.) They allege that Stacy Owens developed breast cancer and died because she took brand name and generic Risperdal, but that she would not have consented to be treated with Risperdal had she known the true risk. (*Id.* ¶¶ 102–110.) Plaintiffs bring a strict products liability failure to warn claim (Count I), a general negligence claim (Count II), a negligent failure to warn claim (Count III), a fraud claim (Count IV), as well as derivative wrongful death and survival actions (Counts V & VI). Defendants move to dismiss all claims. (Dkt. No. 28.) Defendants' motion is **GRANTED WITH LEAVE TO AMEND** because, as pled, Plaintiffs' claims are barred by the statute of limitations and because they are preempted by the Federal Food, Drug, and Cosmetic Act ("FDCA"). This Order assumes the reader is familiar with the facts of the case, the

1

applicable legal standards, and the arguments made by the parties.

***Statute of Limitations***.  The parties agree that Plaintiffs' claims are subject to a two-year statute of limitations under California law.  *See* Cal. Civ. Pro. Code § 335.1; *see also Jorden v. Covidien, LP*, No. 19-cv-05709-WHA, 2019 WL 6327373, at *1 (N.D. Cal. Nov. 26, 2019).  Stacy Owens is alleged to have been diagnosed with breast cancer in approximately 2012, and to have died November 13, 2016.  (Compl. ¶ 108; Dkt. No. 1-2.)  Therefore, the Complaint shows on its face that the claims are barred by the statute of limitations.  Plaintiffs argue that the discovery rule and fraudulent concealment save their claims, but as alleged neither doctrine applies.

"Under the discovery rule, the statute of limitations begins to run when the plaintiff suspects or should suspect that her injury was caused by wrongdoing, that someone has done something wrong to her."  *Bekins v. AstraZeneca Pharms. LP*, 739 F. App'x 884, 886 (9th Cir. 2018) (citing *Jolly v. Eli Lilly & Co.*, 751 P.2d 923, 927 (Cal. 1988)).  Once a plaintiff "*has* a suspicion of wrongdoing," the plaintiff is "required to conduct a reasonable investigation" and is "charged with knowledge of the information that would have been revealed by such an investigation."  *Id.* at 886–87(emphasis in original and citation omitted).  "A plaintiff whose complaint shows on its face that [the] claim would be barred without the benefit of the discovery rule must specifically plead facts to show (1) the time and manner of discovery *and* (2) the inability to have made earlier discovery despite reasonable diligence."  *Fox v. Ethicon Endo-Surgery, Inc.*, 110 P.3d 914, 920–21 (Cal. 2005) (emphasis in original and citation omitted).  The Complaint does not plead when and how Plaintiffs were put on inquiry notice that Defendants' alleged wrongdoing caused Stacy Owens's cancer.  The existence of publicly available studies (Compl. ¶¶ 56–80) are not a substitute for specific allegations of the time and manner of Plaintiffs' discovery, and the Complaint does not explain why Plaintiffs did not make the discovery sooner.

For the same reason, fraudulent concealment is not alleged.  Under California law, "[t]he

doctrine of fraudulent concealment tolls the statute of limitations where a defendant, through deceptive conduct, has caused a claim to grow stale." *Aryeh v. Canon Bus. Sols., Inc.*, 292 P.3d 871, 875 (Cal. 2013). A plaintiff must allege with particularity (1) the substantive elements of the fraud and (2) that they diligently attempted to uncover the relevant facts. *Johnson v. Glock, Inc.*, No. 20-cv-08807-WHO, 2021 WL 1966692, at *3 (N.D. Cal. May 17, 2021); *see also Marentes v. State Farm Mut. Auto. Ins. Co.*, 224 F. Supp. 3d 891, 922 (N.D. Cal. 2016) (listing the elements of a fraudulent concealment claim). As to the second element, "the complaint must allege (1) when the fraud was discovered; (2) the circumstances under which it was discovered; and (3) that the plaintiff was not at fault for failing to discover it or had no actual or presumptive knowledge of facts sufficient to put him on inquiry." *Id.* (citing *Cmty. Cause v. Boatwright*, 177 Cal. Rptr. 657, 664 (Ct. App. 1981)).

As already explained, the Complaint does not contain any factual allegations about Plaintiffs' knowledge or diligence during the relevant period. Furthermore, the Complaint does not allege the substantive elements of fraud with particularity for the reasons discussed below in the Preemption and Fraud Claim Sections. Therefore, fraudulent concealment is not alleged.

The Complaint is dismissed because the claims are barred by the statute of limitations.

***Preemption***. The federal government regulates the manufacture, labeling, and sale of pharmaceuticals pursuant to the FDCA. 21 U.S.C. § 301 *et seq*. "The FDA's premarket approval of a new drug application includes the approval of the exact text in the proposed label." *Wyeth v. Levine*, 555 U.S. 555, 568 (2009) (citing 21 U.S.C. § 355; 21 C.F.R. § 314.105(b)). Thereafter, manufacturers remain responsible for their drug labels at all times, *id.* at 570–71, but can unilaterally change their labels only if they comply with the "changes being effected" ("CBE") regulation, set forth at 21 C.F.R. § 314.70(c)(6)(iii). As relevant here, the CBE regulation allows manufacturers to unilaterally add or strengthen a warning to reflect "newly acquired information" that was "not previously submitted to the [FDA]." *Id.*; 21 C.F.R. §

3

314.3(b).[1]

In light of the FDA's regulation, under the impossibility preemption doctrine, "state law failure-to-warn claims are pre-empted by the [FDCA] and related labeling regulations when there is 'clear evidence' that the FDA would not have approved the warning that state law requires." *Merck Sharp & Dohme Corp. v. Albrecht*, 587 U.S. 299, 310 (2019) (quoting *Wyeth*, 555 U.S. at 571). At the pleading stage, where plaintiffs assert a failure to warn claim related to FDA-regulated drugs, courts have applied a burden-shifting framework. First, a plaintiff is required to plead:

> [A] labeling deficiency that Defendants could have corrected using the CBE regulation. If the plaintiff meets that standard, the burden shifts to the party asserting a preemption defense to demonstrate that there is clear evidence that the FDA would not have approved a change to the prescription drug's label.

*Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 708 (2d Cir. 2019) (cleaned up and citations omitted); *see also Rayes v. Novartis Pharms. Corp.*, No. 21-55723, 2022 WL 822195, at *1 (9th Cir. Mar. 18, 2022) (reversing dismissal of a claim where plaintiff had "sufficiently pleaded the existence of 'newly acquired information' in the form of several post-marketing adverse event reports"); *Roshkovan v. Bristol-Myers Squibb Co.*, No. 23-2912, 2025 WL 972978, at *1 (9th Cir. Apr. 1, 2025) ("To successfully allege a failure-to-warn claim that is not preempted by the [FDCA], a plaintiff must plausibly plead a labeling deficiency that the defendant could have corrected under the [CBE] regulation."); *Mahnke v. Bayer Corp.*, No. 19-cv-07271, 2019 WL 8621437, at *3 (C.D. Cal. Dec. 10, 2019) (applying *Gibbons*'s burden-shifting framework).

Plaintiffs have not met their initial burden. While the Complaint cites a series of studies that allegedly show that Risperdal causes breast cancer, many of the studies are expressly alleged to have been reviewed by the FDA, and many others post-date Stacy Owens's death. (*See, e.g.*,

---

[1] The "newly acquired information" requirement was added to the CBE regulation in 2008. *Holley v. Gilead Scis., Inc.*, 379 F. Supp. 3d 809, 819 (N.D. Cal. 2019); 73 Fed. Reg. 49603–04 (Aug. 22, 2008). Because the Complaint lacks any allegations of when Stacy Owens took Risperdal, this Order does not analyze what pleading standard applies to failure to warn claims related to events prior to 2008.

4

Compl. ¶¶ 64–66, 70–74.)  Such studies, of course, could not have supported a stronger warning under the CBE regulation at the time that Stacy Owens was being treated with Risperdal.  As to the remaining studies, the Complaint does not allege which, if any, were known to Defendants but withheld from the FDA.[2]  And even assuming that some of them were withheld, the Complaint does not allege *when* Stacy Owens took Risperdal, so it is impossible to analyze whether, *at the time of treatment*, Defendants were in possession of information not previously submitted to the FDA that would have supported issuing a stronger breast cancer risk warning.  Finally, the Complaint does not contain any allegations about Stacy Owens's Risperdal treatment, such as the formulation or dosage of Risperdal that she took, or the duration of her treatment, despite alleging that the level of exposure to the drug is relevant to whether treatment creates a risk of developing breast cancer.  (Compl. ¶ 77.)[3]

Plaintiffs argue that because impossibility preemption is an affirmative defense, they are not required to plead a labeling deficiency that could have been corrected using the CBE regulation.  They cite *Austin v. Boehringer Ingelheim Pharm. Inc.* for the proposition that the "preemption argument raises factual issues that are better suited for resolution on a fully developed record," not at the pleading stage.  No. 21-cv-10069-JD, 2023 WL 3437821, at *3–4 (N.D. Cal. May 12, 2023).  The Court concludes that *Gibbons*'s burden-shifting framework— which the Ninth Circuit has twice applied in memorandum dispositions—represents the better approach in this case.  The Complaint raises preemption on its face:  It alleges that Risperdal is an FDA-approved drug, and that to this day the FDA-approved Risperdal labels do not contain the warning Plaintiffs allege Defendants should have given.  (Compl. ¶¶ 40; 81–82.)  Therefore, much like with the statute of limitation issue discussion above, Plaintiffs' claims do not plausibly

---

[2] The general allegation that Defendants "failed to report to the FDA significant new information" is conclusory and does not satisfy Plaintiffs' pleading requirement.  (Compl. ¶ 91.)

[3] Although this Order does not reach Defendants' argument that the claims are deficiently pled under Federal Rule of Civil Procedure 12(b)(6) as a separate basis for dismissal, the gaps in the factual allegations described in this section would also likely require dismissal under that Rule, given that the FDA has still not required the warning Plaintiffs advocate for.

allege liability without further allegations supporting the conclusion that FDA regulation did not prohibit Defendants from issuing a stronger warning to Stacy Owens.  The Complaint fails to present such allegations here, and thus the claims as currently pled are preempted.

*General Negligence*.  Plaintiffs argue that Defendants have not challenged their general negligence claim, which they argue arises in part out of Defendants' duty to "test and analyze their products, both pre- and post-sale." (Dkt. No. 31 at 28.)[4]  However, Plaintiffs do not dispute that the same statute of limitations analysis applies to all their claims.  On this basis, the general negligence claim is dismissed.  Furthermore, the Complaint does not contain factual allegations to support a "failure to test" negligence theory.  Instead, to the extent there are factual allegations supporting a general negligence claim, they overlap entirely with Plaintiffs' negligent failure to warn claim.  Therefore, the general negligence claim is also preempted.

*Fraud Claim*.  To the extent Plaintiffs' fraud claim is premised on Defendants' allegedly insufficient reporting to the FDA and inadequate warning on Risperdal labels, the claim is dismissed because it is preempted for the reasons already explained.  To the extent Plaintiffs seek to allege a fraud claim separate and apart from the FDA process, no such claim has been alleged with particularity under Rule 9(b), even under the relaxed standard applicable to omission-based claims.  *See UMG Recordings, Inc. v. Global Eagle Entertainment, Inc.*, 117 F. Supp. 3d 1092, 1107 (C.D. Cal. 2015).

*Wrongful Death and Survival Actions*.  Because these actions are derivative of the strict products liability and negligence claims, they are dismissed for the reasons already explained.

*Punitive Damages*.  Because all of Plaintiffs' claims are being dismissed, this Order does not reach the availability of punitive damages.

*Conclusion*.  For the forgoing reasons, the Motion to Dismiss is **GRANTED**.  Because it is not clear that amendment would be futile, dismissal is with leave to amend.  If Plaintiffs wish to file an amended complaint correcting the deficiencies identified above, counsel shall do so

---

[4] Citations to page numbers refer to ECF pagination.

by **June 8, 2026.**  The amended complaint may not add new claims or parties, or otherwise change the allegations except to correct the identified deficiencies, absent leave of the Court or stipulation by the parties pursuant to Federal Rule of Civil Procedure 15.  Defendants' Request for Judicial Notice (Dkt. No. 28-11) is **DENIED AS MOOT** because none of the documents were consider in granting the Motion to Dismiss.

     **IT IS SO ORDERED.**

Dated: May 18, 2026

RITA F. LIN
United States District Judge